UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE MANUEL VASQUEZ,

                         Plaintiff,

            -against-

CITY OF NEW YORK; NEW YORK CITY
DEPARTMENT OF HOMELESS SERVICES;
NEW YORK CITY HUMAN RESOURCE
ADMINISTRATION; NEW YORK CITY
POLICE DEPARTMENT,

                         Defendants.

21-CV-9555 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

       Plaintiff, who is appearing *pro se*, brings this action purportedly under the court's

diversity of citizenship jurisdiction, 28 U.S.C. § 1332. By order dated May 26, 2022, the Court

granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of

fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended

complaint within 60 days of the date of this order.

**STANDARD OF REVIEW**

       The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

       While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Jose Manuel Vasquez, who resides in New York, New York, brings this action against the City of New York, the New York City Department of Homeless Services (DHS), the New York City Human Resources Administration (HRA), and the New York City Police Department (NYPD). Plaintiff used the court's general complaint form to commence this action and indicated, by checking a box, that the basis for jurisdiction is diversity of citizenship.[1] (ECF

---

[1] To invoke jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and defendants are citizens of different states. "An individual' s citizenship, within the

No. 2 at 2.) In the section of the complaint that asks Plaintiff which of his federal constitutional or federal statutory rights has been violated, he writes,

> I have had several of my constitutional rights violated by both New York City Human Resources & New York City Department of Homeless Services. I also was denied emergency 911 assistance by The New York City Police Department by arriving to me 3 times after i calked for police assistance.

(*Id.*)[2]

Plaintiff alleges that the events giving rise to his claims occurred at 540 West 125th Street NY NY in room 317," from "October 1st 2018 to present." (*Id.* at 5.) His statement of facts is difficult to read: the font is extremely small, and some portions of the typed facts are cut off and completed by hand. (*Id.*) Plaintiff attaches approximately 402 pages of exhibits to his seven-page complaint form, but it is unclear how these exhibits relate to his claims.

The Court gleans the following factual allegations from the complaint. Plaintiff, who receives public assistance benefits, alleges that HRA refused to give him his regular cash assistance for the week of November 16, 2021. He alleges that he notified the New York State Office of Temporary Disability Assistance (OTDA) and submitted a request to them for a fair hearing for the cash assistance that HRA refused to give him.

For the final sentence of his statement of facts, Plaintiff writes, "All Evidence providing the officers names and everyone involved are included in the evidence I provided. I provided

---

meaning of the diversity statue, is determined by his domicile." *Johnson v. Smithsonian*, 4 F. App' x 69, 70 (2d Cir. 2001) (citing *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000)); *see also Martinez v. Bynum*, 461 U.S. 321, 331 (1983) ("In general, the domicile of an individual is his true, fixed and permanent home and place of habitation" – i.e., "the place to which, whenever he is absent, he has the intention of returning."). Diversity must be complete; in other words, "no plaintiff and no defendant [may be] citizens of the same State." *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). Because Plaintiff and Defendants are all in New York, his claims fail with respect to the Court' s diversity of citizenship subject matter jurisdiction.

[2] The Court quotes the complaint verbatim. All errors are in the original.

emails, documents and texts to support my claims." (*Id.*) Plaintiff seeks unspecified monetary damages.

## DISCUSSION

Because Plaintiff alleges that Defendants violated his constitutional rights, the Court construes Plaintiff's claims as arising under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

### A.       Rule 8 Pleading Requirements

Plaintiff' s complaint is short and plain, but it does not show that he is entitled to relief. The Court cannot accept statements such as "Defendants assaulted me, and Defendants denied medical treatment" as true; these are simply legal conclusions. Furthermore, the Court is not responsible for extrapolating from Plaintiff's exhibits the name of the individuals Plaintiff seeks to sue or for deciphering how Plaintiff's exhibits pertain to his claims. The Court therefore grants Plaintiff leave to amend his complaint to identify the individuals whom he alleges are responsible for the alleged deprivation of his rights and to provide sufficient facts to support his claims against each individual.

### B.       New York City Agencies

Plaintiff's claims against DHS, HRA, and NYPD must be dismissed because city agencies or departments do not have the capacity to be sued under New York law. *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and

cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village.").  His claims against these entities are deemed brought against the City of New York, which is also a named defendant.

**C.      Claims against the City of New York - Municipal Liability**

When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights.  *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff does not include any factual allegations about what the City of New York did or failed to do that caused a violation of his rights. He also does not allege facts showing that a policy, custom, or practice of the City of New York caused him any injury. Accordingly, Plaintiff's allegations fail to state a claim on which relief can be granted against the City of New York under section 1983.

The Court grants Plaintiff leave to amend his complaint to allege facts about what the City of New York did or failed to do that violated his rights and how any such alleged violation was caused by a municipal policy, custom or practice.

D.     **Due Process Claim**

The Court construes Plaintiff's allegations regarding HRA's alleged denial of cash assistance as a claim under the Due Process Clause of the Fourteenth Amendment. To state a § 1983 due process claim, a plaintiff must "demonstrate that he possessed a protected liberty or property interest, and that he was deprived of that interest without due process of law." *Hynes v. Squillance*, 143 F.3d 653, 658 (2d Cir. 1998); *see Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011). "The fundamental requisite of due process of law is the opportunity to be heard . . . at a meaningful time and in a meaningful manner." *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) (citations omitted). Generally, due process requires some kind of hearing prior to a final deprivation of an individual's liberty or property interest. *See Hodel v. Va. Surface Mining & Reclamation Ass'n, Inc.*, 452 U.S. 264, 299 (1981); *DiBlasio v. Novello*, 344 F.3d 292, 302 (2d Cir. 2003). "[W]here a plaintiff alleges a deprivation of property in violation of the due process clause, the federal court's initial inquiry must be whether the state has provided adequate remedies to redress such unlawful acts. If so, there will be no claim before the federal court, whether or not plaintiff took advantage of the state procedure." *Vialez v. New York City Hous. Auth.*, 783 F. Supp. 109, 114 (S.D.N.Y. 1991).

Public assistance benefits "have long been afforded constitutional protection as a species of property protected by the federal Due Process Clause." *Kapps v. Wing*, 404 F.3d 105, 112 (2d Cir. 2005) (quoting *Goldberg*, 397 U.S.at 262 & n.8); *see also M.K.B. v. Eggleston*, 445 F. Supp. 2d 400, 432 (S.D.N.Y. 2006) ("Persons who are qualified to receive welfare benefits have a legitimate claim of entitlement to such benefits."). Once a state agency has determined that an individual qualifies to receive a benefit, the recipient may not be deprived of that benefit without due process of law. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985). In the context of public assistance benefits, due process typically requires pre-deprivation notice and an

opportunity to be heard. *Goldberg*, 397 U.S. at 260-61; *Hart v. Westchester Cnty. Dep't of Soc. Servs.*, No. 98-CV-8034, 2003 WL 22595396, at *4 (S.D.N.Y. 2003). However, where a person is deprived of a property right because of a random and unauthorized act, rather than through the operation of established state procedures, the Due Process Clause is satisfied if the state provides an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding that a "random and unauthorized" deprivation of a protected interest does not result in a violation of procedural due process, as long as the state provides an adequate post-deprivation remedy); *Rivera–Powell v. New York City Bd. of Elections,* 470 F.3d 458, 465 (2d Cir. 2006) (holding that "[w]hen the state conduct in question is random and unauthorized, the state satisfies procedural due process requirements so long as it provides meaningful post-deprivation remedy.").

New York State law provides such a post-deprivation remedy. Access provided by New York law to post-deprivation process such as a fair hearing pursuant to N.Y. Soc. Serv. Law § 22 and 18 N.Y.C.R.R. § 358, and the availability of further review in the New York state courts in an Article 78 proceeding have been found to be constitutionally adequate procedures to challenge adverse determinations in connection with government entitlement programs. *See Banks v. HRA*, 2013 WL 142374, at *3 (E.D.N.Y. Jan. 11, 2013); *Vapne v. Eggleston*, No. 04-CV-565 (NRB), 2004 WL 2754673, at *5 (S.D.N.Y. Dec. 1, 2004).

Although Plaintiff has a property interest in his benefits, he does not allege that he was denied a fair hearing. Plaintiff also does not allege that he sought review of the matters in state court through Article 78 proceedings, which is a process that New York law makes available to

him. Because Plaintiff does not allege that he sought Article 78 review, *see* N.Y.C.P.L.R. § 7801 *et seq.*, he therefore fails to state a claim for denial of due process.[3]

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid federal claim, the Court grants Plaintiff sixty days' leave to amend his complaint to detail his claims that his constitutional rights were violated and name the individuals involved in the alleged deprivation of those rights.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. First, Plaintiff must name as the defendant(s) in the caption[4] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does

---

[3] This court also lacks mandamus jurisdiction to compel Defendants to reinstate Plaintiff's benefits. Federal courts have no general power to compel action by state officials. *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988); *see also Fullan v. Comm'r of Corr. of N.Y.*, 891 F.2d 1007, 1009-10 (2d Cir. 1989).

[4] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[5] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff is responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

---

[5] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-9555 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   July 18, 2022
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

\_\_\_\_\_CV_____
(Include case number if one has been assigned)

-against-

**AMENDED**

**COMPLAINT**

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____, is a citizen of the State of
                              (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
　　　　　　　　　(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

First Name　　　　　　　　Middle Initial　　　Last Name

Street Address

County, City　　　　　　　　　　　State　　　　　Zip Code

Telephone Number　　　　　　　　Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                              Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                              State                    Zip Code

Defendant 2: _____

First Name                              Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                              State                    Zip Code

Defendant 3: _____

First Name                              Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                              State                    Zip Code

Defendant 4:

_____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Page 5

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical
treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.